**ALEX, BROWN & SONS, a Maryland partnership, and Eastmet corporation, a Maryland corporation,**

v.

**LATROBE STEEL COMPANY, a Pennsylvania corporation.**

Civ. A. No. 74–575.

United States District Court,
W. D. Pennsylvania.

June 20, 1974.

Frank L. Seamans, Milton W. Lamproplos, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for plaintiff.

J. Tomlinson Fort, James H. Hardie, Eric P. Reif, Pittsburgh, Pa., Gene E. McDonald, Latrobe, Pa., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION

GOURLEY, Senior District Judge:

This proceeding has been filed by plaintiff, based on diversity of citizenship and the requisite amount in controversy to obtain a declaratory judgment and mandatory injunctive relief.

The Court has conducted a full and complete hearing and has considered the briefs and arguments of counsel. Based thereon, it must be concluded that plaintiff is entitled to the injunctive relief which it seeks.

The facts may be briefly set forth. Very simply stated, plaintiff, a dealer-manager, seeks to obtain a list of stockholders of the outstanding common stock of defendant so that a tender offer may be made to such stockholders on behalf of Eastmet Corporation. As reflected in a Schedule 13D filed by Eastmet with the Securities and Exchange Commission on June 7, 1974, Eastmet proposes to obtain through the services of plaintiff as dealer-manager 660,000 shares, approximately 52%, of Latrobe common stock, offering to pay $11 per share therefor. Plaintiff is a broker-dealer registered with the Securities and Exchange Commission and the Pennsylvania Securities Commission and is authorized to engage in buying and selling securities for itself and the public. It has been stipulated that on June 7, 1974, plaintiff was the registered owner of one hundred shares of the common stock of Latrobe Steel Company, and that in this capacity a demand under oath was made by plaintiff to examine and copy the share register of Latrobe, pursuant to § 308 of the Pennsylvania Business Corporation Law, 15 Pa.P.S. § 1308.

■ This Court has heretofore ruled in denying in part and granting in part defendant's motion to dismiss that equitable power exists to grant the kind of relief sought, relying on NVF Co. v. Sharon Steel Corp., 294 F.Supp. 1091 (W.D.Pa.1969). Moreover, it was held that it is a proper purpose for stockholders to be informed regarding the identity of other stockholders when a tender offering is being made to purchase a substantial amount of stock in a Pennsylvania corporation. While it is true that the plaintiff as a broker-dealer is not the party making the tender offer, it is a registered shareholder, i. e., a registered owner of shares in the corporation,[1] and as such is entitled under the Pennsylvania Business Corporation Law to inspect and to obtain a copy of the defendant's shareholder list. The fact that plaintiff stands to gain a substantial amount by way of commissions for shares secured in conjunction with the tender offer does not constitute an improper purpose. A proper purpose to obtain a shareholder list is defined by the Pennsylvania Business Corporation Law to be " . . . a purpose reasonably related to such person's interest as a shareholder."[2]

■ The Court must conclude that plaintiff is a shareholder of defendant's stock in view of the stipulation of counsel and plaintiff's affidavit that a clerical error, now corrected, caused a temporary transfer of the one hundred shares of stock registered to plaintiff. Further, the fact that plaintiff is a broker-dealer does not prevent plaintiff from exercising its rights as a shareholder to obtain a shareholder list. Osmond v. Sanitary Co. of America, 21 Pa. D & C 24 (1934).

It is well to note that Latrobe has, in addition to newspaper ads, transmitted a letter to its shareholders stating its opposition to the tender offer. Obtaining

---

1. See 15 Pa.P.S. § 1002(15).

2. See 15 Pa.P.S. § 1308, subd. B.

the list of shareholders will enable plaintiff to be on an equal footing with defendant.

Having complied with the requirements of § 308 of the Pennsylvania Business Corporation Law, this Court must conclude in view of the foregoing that plaintiff should obtain a full and complete list of the stockholders of defendant corporation.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.